FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 20 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.* ASHLEY CASE )<br> )<br>STATE OF GEORGIA )<br>*ex rel.* ASHLEY CASE )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>LIVANOVA, P.L.C., )<br> )<br>                Defendant. ) | Civil Action No.<br><br>1:16-CV-0807-MHC<br><br>**FILED UNDER SEAL** |

## NOTICE OF SETTLEMENT

The United States hereby notifies the Court that the parties have executed a settlement agreement, attached hereto. Under the terms and conditions of the settlement agreement, the parties have filed a Stipulation of Dismissal to dismiss all claims.

                                      Respectfully submitted,

                                      BYUNG J. PAK
                                      UNITED STATES ATTORNEY

                                      */s/ signature*

                                      GABRIEL A. MENDEL
                                      ASSISTANT U.S. ATTORNEY

                Georgia Bar No. 169098
                600 Richard B. Russell Federal Bldg.
                75 Ted Turner Drive, S.W.
                Atlanta, Georgia  30303
                Telephone: (404) 581-6000
                Facsimile: (404) 581-6163
                E-mail: Gabriel.Mendel@usdoj.gov

                Counsel for the United States of America

November 20, 2018

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies, pursuant to LR 7.1.D, NDGa., that the foregoing notice was prepared in Times New Roman 14 point font.

_____
GABRIEL A. MENDEL
ASSISTANT U.S. ATTORNEY

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS), the State of Georgia (collectively, the "Government"), LivaNova USA, Inc., a Delaware corporation formerly known as Cyberonics, Inc. ("LivaNova USA"), and Relator Ashley Case ("Relator") (each individually a "Party" and collectively "the Parties"), acting through their authorized representatives.

## RECITALS

A. LivaNova USA manufactures and markets Vagus Nerve Stimulation ("VNS") devices for the treatment of drug-resistant epilepsy in certain patient populations.

B. On March 11, 2016, Relator filed a qui tam action in the United States District Court for the Northern District of Georgia captioned *United States of America and State of Georgia ex rel. Ashley Case v. LivaNova, P.L.C.*, Civil Action No: 1:16-cv-0807-MHC, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) and the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168, et seq. (the "Civil Action"). The Government and Relator agree that LivaNova USA was incorrectly identified as "LivaNova PLC" in Relator's complaint and that LivaNova USA should be the proper party in the Civil Action. With this clarification, the complaint in the Civil Action alleged, *inter alia*, that LivaNova USA caused the submission of false or fraudulent claims to Medicare and the Georgia Medicaid program and provided illegal remuneration to physicians in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), resulting in violations of both the False Claims Act and the Georgia False Medicaid Claims Act.

C.  The Government contends that LivaNova USA submitted or caused to be submitted claims for payment to the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid").

D.  The Government contends it has certain claims against LivaNova USA for causing false or fraudulent claims to be submitted to the Georgia Medicaid program. The Government has alleged that between December 2012 and October 2016 LivaNova USA provided remuneration to certain Georgia physicians for speaking engagements at marketing and educational events that was not commercially reasonable, and that was intended to cause referrals to implant LivaNova USA's VNS devices. The Government contends this remuneration violated the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)), and resulted in the submission of claims for VNS implants, revisions, and programming claims by Georgia Medicaid providers in violation of the False Claims Act (31 U.S.C. §§ 3729-3733) and the Georgia False Medicaid Claims Act (O.C.G.A. § 49-4-168.1, et seq.). The specific claims relevant to the resolution of the allegations brought by the Government encompass all claims submitted to the Georgia Medicaid program by all hospitals, physicians, and medical practices in Georgia from December 2012 through October 2016 related to VNS implantation, revision, and programming. The alleged conduct and claims described in this Recital D are collectively referred to herein as the "Covered Conduct."

E.  LivaNova USA denies the allegations contained in the Civil Action and Recital D.

F.  Relator claims entitlement under 31 U.S.C. § 3730(d) and O.C.G.A. § 49-4-168.2(i) to a share of the proceeds of this Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

G.  This Agreement is neither an admission of liability by LivaNova USA nor a concession by the Government that its claims are not well founded.

H.      The above Recitals are true and correct and made a part of this Agreement.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1.      No later than ten (10) business days following the Effective Date of the Agreement, LivaNova USA agrees to pay to the Government the amount of $1,870,633.55 ("Settlement Amount"). The amount shall be made payable to the United States pursuant to written instructions to be provided by the Office of the United States Attorney for the Northern District of Georgia.[1]

2.      Conditioned upon the United States receiving the Settlement Amount, the United States shall pay to Relator by electronic funds transfer 17% of the Settlement Amount as soon as feasible after receipt of such payment.

3.      LivaNova USA agrees to pay Relator twenty-eight-thousand dollars ($28,000.00) in full satisfaction of any attorneys' fees, costs and expenses allowable under 31 U.S.C. § 3730(d) and O.C.G.A. § 49-4-168.2(i) arising from the filing of the Civil Action. That amount shall be paid no later than ten (10) business days after the later of (a) the Effective Date of this Agreement and (b) receipt by LivaNova USA's counsel of payment instructions in writing from counsel for Relator. Other than the amounts specified in this paragraph, LivaNova USA shall have no obligation to make any additional payments to Relator or to her attorneys with respect to the matters covered by this Agreement or otherwise.

---

[1] The United States and the State of Georgia shall separately execute a Memorandum of Understanding concerning disbursement of the State's share of the Settlement Amount.

4.     Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon LivaNova USA's full payment of the Settlement Amount, the Government releases LivaNova USA and its predecessors, successors, direct and indirect parent entities, direct and indirect subsidiaries, and affiliates from any civil or administrative monetary claim the Government has for the Covered Conduct under the False Claims Act (31 U.S.C. §§ 3729-3733), the Civil Monetary Penalties Law (42 U.S.C. § 1320a-7a), the Program Fraud Civil Remedies Act (31 U.S.C. §§ 3801-3812), the Georgia False Medicaid Claims Act (O.C.G.A. § 49-4-168.1), or the common law theories of payment by mistake, unjust enrichment, and fraud.

5.     Conditioned upon LivaNova USA's full and timely payment of the Settlement Amount and the amounts set forth in Paragraph 2, above, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, fully and finally release LivaNova USA and its predecessors, successors, direct and indirect parent entities, direct and indirect subsidiaries, affiliates current and former administrative, medical, and clinical staff, managers, directors, officers, employees, agents, contractors, attorneys, and assigns from any claims, losses, demands, causes of action, obligations, damages, fees, liens, judgments, and liabilities of any kind, whether in law or equity, fixed or contingent, presently known or unknown, suspected or unsuspected, contingent or non-contingent (including but not limited to attorneys' fees, costs, and expenses of every kind and however denominated), that the Relator has or may have in the future arising from or related to (1) the Covered Conduct, and/or (2) the conduct by LivaNova USA, its predecessors, successors, direct and indirect parent entities, direct and indirect subsidiaries, affiliates current and former administrative, medical, and clinical staff, managers, directors, officers, employees, agents, contractors, attorneys, and assigns alleged in, or learned from, the Civil Action.

6. Notwithstanding the release given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims of the Government are specifically reserved and are not released:

   a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code) or the Georgia Revenue and Taxation Code, O.C.G.A. §§ 48-1-1, *et seq.*;

   b. Any criminal liability;

   c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal or State health care programs;

   d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

   e. Any liability to the State of Georgia (or its agencies) for any conduct other than the Covered Conduct;

   f. Any civil or administrative liability that any person or entity, including any released entities, has or may have to the State of Georgia or to individual consumers or state program payors under any statute, regulation, or rule not expressly covered by releases above, including but not limited to, any and all of the following claims: (i) State of Georgia or federal antitrust violations; (ii) claims involving unfair and/or deceptive acts and practices and/or violations of consumer protection laws;

   g. Any liability, which may be asserted on behalf of any other payors or insurers, including those that are paid by the State of Georgia's Medicaid program on a capitated basis; and

   h. Any liability based upon obligations created by this Agreement; or

        i.      Any liability of any individuals.

7.     Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B) and O.C.G.A. § 49-4-168.2. Conditioned upon Relator's receipt of the payment described in Paragraph 3, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the Government, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action, the Covered Conduct, or under 31 U.S.C. § 3730 or O.C.G.A. § 49-4-168.2, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

8.     LivaNova USA waives and shall not assert any defenses it may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Agreement constitutes an agreement by the Government concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

9.     LivaNova USA fully and finally releases the Government, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that it has asserted, could have asserted, or may assert in the future against the Government, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the Government's investigation and prosecution thereof.

10. LivaNova USA fully and finally releases Relator from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated), that it has asserted, could have asserted, or may assert in the future against Relator, related to the conduct alleged in the Civil Action and the Relator's investigation and prosecution thereof.

11. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment to LivaNova USA by any Medicare or Medicaid contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and LivaNova USA agrees not to resubmit to any Medicare or Medicaid contractor or any state payer any of LivaNova USA's previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

12. LivaNova USA agrees to the following:

    a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of LivaNova USA, its present or former officers, directors, employees, shareholders, and agents in connection with:

        (1) the matters covered by this Agreement;

        (2) the United States' audits and civil and any criminal investigations of the matters covered by this Agreement;

        (3) LivaNova USA's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

    (4) the negotiation and performance of this Agreement; and

    (5) the payment LivaNova USA makes to the United States pursuant to this Agreement

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as "Unallowable Costs").

  b. <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for in nonreimbursable cost centers by LivaNova USA, and LivaNova USA shall not charge such Unallowable Costs, directly or indirectly, to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by LivaNova USA or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

  c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: LivaNova USA further agrees that within ninety (90) days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by LivaNova USA or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. LivaNova USA agrees that the United States, at a minimum, shall be entitled to recoup from LivaNova USA any overpayment

plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by LivaNova USA or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on LivaNova USA or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

   d.   Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine LivaNova USA's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

   13.   Upon receipt of the full Settlement Amount as described in Paragraph 1, above, the United States, the State of Georgia, and Relator shall promptly sign and file in the Civil Action (1) a notice of the United States' and Georgia's election to intervene in the Civil Action filed by Relator for the purposes of settlement (a notice of partial intervention), and (2) a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1). The dismissal shall be (1) with prejudice to the United States and Georgia for the Covered Conduct, (2) without prejudice to the United States and Georgia for all other conduct, and (3) with prejudice to the Relator for all claims or causes of action arising from or related to the conduct alleged in the Civil Actions.

   14.   This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 15 (waiver for beneficiaries paragraph), below.

15. LivaNova USA agrees that it shall not collect or seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

16. Subject to and with the exception to LivaNova USA's agreement to pay the amount set forth in Paragraph 2 above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

18. This Agreement is governed by the laws of the United States and the laws of the State of Georgia. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of Georgia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

19. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

20. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

21. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

22. This Agreement is binding on LivaNova USA's successors, transferees, heirs, and assigns.

23. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

24. All parties consent to the Government's disclosure of this Agreement, and information about this Agreement, to the public.

25. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date" of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

[signatures to follow]

THE UNITED STATES OF AMERICA

DATED: 10/23/18      BY: _____
                          GABRIEL MENDEL
                          Assistant United States Attorney
                          Northern District of Georgia


DATED: 10/23/2018    BY: _____
                          LISA M. RE
                          Assistant Inspector General for Legal Affairs
                          Office of Counsel to the Inspector General
                          Office of Inspector General
                          United States Department of Health and Human Services

THE STATE OF GEORGIA

DATED: 10/23/18    BY: _____
                        IRVAN A. PEARLBERG
                        Director, Medicaid Fraud Control Unit
                        Georgia Department of Law

DATED: 10/23/2018   BY: _____
                        MARIAL L. ELLIS
                        General Counsel
                        State Department of Community Health

<u>LivaNova USA, Inc.</u>

DATED: Oct 25, 2018     BY: _____
Taylor T. Pollock
Vice President, Corporate Legal Affairs & Secretary

DATED: 10/25/18     BY: _____
Wilson G. Jones
Thompson & Knight, LLP
*Counsel for LivaNova USA, Inc.*

RELATOR

DATED: 10/22/18    BY: *Ashley Case*
                       RELATOR – Ashley Case

DATED: 10/22/18    BY: *Jack Rosenberg*
                       COUNSEL FOR RELATOR
                       JACK ROSENBERG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* ASHLEY CASE<br><br>STATE OF GEORGIA<br>*ex rel.* ASHLEY CASE<br><br>    Plaintiffs,<br><br>v.<br><br>LIVANOVA, P.L.C.,<br><br>    Defendant. | Civil Action No.<br><br>1:16-CV-0807-MHC<br><br>**FILED UNDER SEAL** |

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by mailing a true copy thereof by first class mail, with adequate postage affixed thereto, addressed to:

    Marc N. Garber and Alan H. Garber
    The Garber Law Firm, P.C.
    4994 Lower Roswell Road, Suite 14
    Marietta, Georgia 30068-5648

    Jack Rosenberg
    5425 Glenridge Drive, Suite 53
    Atlanta, Georgia 30342

    Jim Mooney
    Assistant Attorney General
    Office of Attorney General Chris Carr
    Medicaid Fraud Division

1

Georgia Department of Law
200 Piedmont Avenue, SE
19th Floor, West Tower
Atlanta, Georgia 30334

This 20th day of November, 2018.

_____
GABRIEL A. MENDEL
ASSISTANT UNITED STATES ATTORNEY

**THESE DOCUMENTS HAVE NOT BEEN SERVED ON THE DEFENDANT BECAUSE THIS CASE REMAINS UNDER SEAL**

2